**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

––––––––––––––––––––

No. 00-30649

––––––––––––––––––––

THE RESOLUTION TRUST CORPORATION;
ET AL,                                                                                              Plaintiffs,

FEDERAL DEPOSIT INSURANCE CORPORATION,
in its capacity as Receiver of River City Federal Savings Bank,

                                                                                       Plaintiff-Appellant,


versus


ROBERT J. CULLEN; ET AL,

                                                                                              Defendants,


MICHAEL J. UTER; JOSEPH A. PERRAULT;
NEW ENGLAND INSURANCE COMPANY,

                                                                              Defendants-Appellees.

––––––––––––––––––––

Appeal from the United States District Court
for the Middle District of Louisiana

(92-CV-218-B)

––––––––––––––––––––

August 14, 2001

Before JOLLY, DEMOSS, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Plaintiff-Appellant, Federal Deposit Insurance Corporation ("FDIC"), appeals the district court's grant of summary judgment in favor of Defendants-Appellees, Michael J. Uter ("Uter"), Joseph A. Perrault ("Perrault"), and New England Insurance Company ("New England"). For the reasons ascribed herein, we affirm the district court's ruling.

FACTUAL AND PROCEDURAL HISTORY

This suit arose after the 1989 failure and insolvency of River City Federal Savings Bank ("River City"), a federally chartered savings and loan association. Resolution Trust Corporation ("Resolution") was appointed as receiver on October 6, 1989, and filed suit against various directors of River City on March 13, 1992, alleging breach of fiduciary duty, negligence, gross negligence, fraud, and failure to disclose financial interests in certain transactions. Resolution additionally asserted separate claims against the attorneys of River City's directors and the attorneys' insurance company, New England.

Upon the expiration of Resolution's statutory authority, FDIC succeeded it as the named plaintiff. At the crux of FDIC's claims are transactions between River City and two corporations, Keystone and Eleven M, whose shareholders also served as directors or attorneys for River City. FDIC avers that the directors concealed their conflicting interests in these transactions, engaging in self-dealing and profiteering at River City's expense.

By June 4, 1998, New England, Perrault, and Uter filed a joint motion for summary judgment, asserting prescription and lack of insurance coverage regarding FDIC's malpractice claims. On June 7, 1999, the district court granted their motion for summary judgment. FDIC now appeals.

DISCUSSION

2

This court reviews de novo a district court's grant of summary judgment, applying the familiar standard in Federal Rule of Civil Procedure 56(c). Rios v. Rossotti, 252 F.3d 375, 378 (5th Cir. 2001). We view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Id.

FDIC contends that their claims against Uter, Perrault, and New England are not prescribed because, under the contra non valentem discovery rule, the prescriptive period was tolled until June 1988 when River City's new CEO, Thomas Hendricks, discovered that several of its directors and attorneys had undisclosed interests in the Keystone and Eleven M transactions. New England contends that FDIC's tolling argument is foreclosed because any breach of duty by River City's attorneys was either known by disinterested directors at the time of the transactions or was readily discoverable. The district court was persuaded, as are we, that the breach of duty was reasonably discoverable well before it was actually discovered. Consequently, New England has compellingly argued that the discovery rule did not toll the FDIC's claims. We therefore hold that the district court did not err in granting summary judgment for Uter, Perrault, and New England on the ground that FDIC's claims are prescribed.[1]

CONCLUSION

---

[1]This holding renders moot FDIC's additional allegation that the New England policy covers FDIC's claims against Uter. We nonetheless note that, even if the claims were not time barred, the malpractice insurance policy does not cover them because Uter had a reasonable basis to believe that he had breached his duty as attorney to River City but failed to disclose this information to New England when the malpractice insurance contract was issued on October 1, 1985. This fact, concluded the district court, precludes coverage for the alleged malpractice in the instant dispute because "[a]n insurance company cannot be held liable for undisclosed pending claims where, as here, contract coverage requires disclosure."

3

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of Uter, Perrault, and New England.

AFFIRMED.